# STATE OF MICHIGAN

# COURT OF APPEALS

COMERICA BANK,

       Plaintiff-Appellee,

v

MICHAEL KELMAN,

       Defendant-Appellant,

and

BIRMINGHAM BLOOMFIELD CREDIT UNION,

       Garnishee Defendant-Appellee.

UNPUBLISHED
July 31, 2018

No. 336637
Oakland Circuit Court
LC No. 2012-142821-CK

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

To the extent that the majority concludes that any disability payments deposited into Kelman's BBCU account are exempt under MCL 600.6023(1)(f), I agree. However, I write separately because my review of the record did not yield any documentary evidence supporting Kelman's contention that his disability payments were deposited into his BBCU account. Because I do not agree that remand is necessary, and I respectfully dissent.

As the party asserting the exemption, Kelman bore the burden of proving that he was receiving disability payments, and that those disability payments were being deposited into the BBCU account. Kelman attached to his brief in support of his objection to the writ of garnishment the following: the consent judgment against him; the request and writ for garnishment; the garnishee disclosure; his original objection; the spousal support order from his divorce; and case law he argued supported his position. What Kelman did not submit was documentation verifying that he was receiving disability payments, and that those payments were being deposited into the BBCU account. In my view, Kelman has failed to support his claim that he is entitled to an exemption under MCL 600.6023(1)(f).

If no evidence was presented to support Kelman's contention that he had received disability payments to the BBCU account that were exempt, the trial court remains unable to make factual findings regarding how much of the BBCU account balance is exempt from

-1-

garnishment under MCL 600.6023(1)(f). By remanding to the trial court to make factual findings regarding what amount of the BBCU account reflects disability payments, the majority allows Kelman to take another bite of the apple, sort to speak. I do not find remand to be appropriate on this record. Accordingly, I would affirm.

/s/ Kathleen Jansen